## CONNERS MARINE CO. v. NORTHWESTERN FIRE & MARINE INS. CO.

District Court, S. D. New York.

May 21, 1936.

Thomas A. McDonald, of New York City, for Conners Marine Co.

Bigham, Englar, Jones & Houston, of New York City, for Northwestern Fire & Marine Ins. Co.

KNOX, District Judge.

The motion to dismiss the complaint for its failure to state a cause of action must be sustained. In my opinion, pontoons cannot properly be included in the category either of hulls and barges, or of hulls and cargoes. A pontoon falls within an entirely different designation. Although water borne, it is quite distinct from a hull, barge, or cargo, in both functions and reality. Furthermore, as I read the policy of insurance, it does not cover the loss which came to plaintiff as a result of a towage contract. Towage is not included within the liability of the assured "as owners, managing owners, operatives and/or operating agents, charterers, carriers, warehousemen, stevedores, wharfingers, forwarders, or freighters as imposed by law." Each of the enumerated capacities is without the inclusiveness of a towage contract.